UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSHUA HOWARD,

                    Plaintiff,

       v.                                                    Case No. 21-cv-933-pp

LT. CHARLES COLE, *et al.*,

                    Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING
COMPLAINT UNDER 28 U.S.C. §1915A**

---

Joshua Howard, who is confined at Fox Lake Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.     Motion for Leave to Proceed without Prepaying the Filing Fee
        (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to let an incarcerated plaintiff proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On August 24, 2021, the court ordered the plaintiff to pay an initial partial filing fee of $2.92. Dkt. No. 5. The court received that fee on September 10, 2021. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

2

plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.      The Plaintiff's Allegations

The plaintiff alleges that on July 7, 2018, while he was confined at Green Bay Correctional Institution, he was placed in temporary lockup (TLU) status for violating DOC 303.58[1] after a search of his cell produced contraband. Id. at 3. The plaintiff states that he was transported to the restrictive housing unit and placed in cell 307 which is a "hard cell" for inmates on control status. Id. He explains that "hard cells" do not have intercom systems or headphone jacks, and they are "punitive cells" placed next to observation cells used for incarcerated persons on suicide watch because, like people on suicide watch, people on control status also must be visually checked on by staff. Id.

---

[1] Wis. Admin. Code §DOC 303.58. Misuse of Medication.

The plaintiff alleges that he asked defendant Lieutenant Charles Cole if he could grab his medications for depression, anxiety and insomnia before they left the cell hall and Cole told him his medications would be forwarded to him in the restrictive housing unit before he needed to take them that evening. Id. at 4. Later at "med pass," an unnamed officer said he did not have the plaintiff's medication and that he would look into it. Id. The plaintiff states that the officer did not return with his medication and, because the "hard cell" did not have an intercom system, he had no way of contacting the control officer. Id.

The plaintiff alleges that he remained in cell 307 for twenty days. Id. at 6. He says that, in addition to spending the initial days going through forced withdrawal of his medications, he had to deal with the extreme heat in cell 307, which he says is known as the "hot box" due to the combination of a lack of ventilation and sunlight reflected off the metal window directly into the cell. Id. at 4. The intense heat allegedly exacerbated the plaintiff's withdrawal symptoms which included severe nausea, stomach cramping and suicidal ideations. Id. The plaintiff says he pleaded with every officer and sergeant who passed his cell to be moved and they all told him there was no alternative restrictive housing unit cell available. Id. at 5. The plaintiff states that he doubted this because incarcerated persons were admitted and released from the restrictive housing unit almost every day. Id.

In addition to the heat in cell 307, the plaintiff alleges that control cells and observation cells "are smeared with feces and bodily fluids at a much

4

higher frequency as a majority of its occupants are going through a manic episode or experiencing a psychotic break with reality." Id. at ¶13. He says that the heated concrete walls reanimated previously hardened pustules of excrement in the porous concrete blocks of his cell wall, transforming them into "walls filled with the worst potpourri imaginable." Id. at ¶15. The plaintiff states that he identified several spots on the wall that appeared to contain blood and feces that cleaners had not fully removed or that had seeped out onto the surface. Id. at 6. He says that he was not given cleaning supplies during his stay in cell 307. Id.

The plaintiff alleges that on July 11, 2018, he complained to defendant Lieutenant Andrew Wickman about the conditions of cell 307 and Wickman said that no other cells were available. Id. at 7. According to the plaintiff, Wickman came to his cell that day to offer to resolve an issue that had arisen related to the plaintiff's previous stay in TLU during which the plaintiff had complained that Wickman "improperly filled out due process forms finding that the plaintiff was guilty prior to bringing him his conduct report, failed to add evidence to the record at the hearing and improperly found him guilty of a major offense." Id.

The plaintiff alleges that the defendants' actions and inactions were part of a concerted effort to punish him for his prior complaints against restrictive housing unit and supervisory staff. Id.

He alleges that defendant Cole acted with deliberate indifference to his serious medical needs when he failed to collect and transport the plaintiff's medication. Id. at 6.

The plaintiff alleges that defendants Sergeant Raymond Koeller, Cole, and Does' decision on July 7, 2018 to house him in the hot box fully aware of the unsanitary nature and extreme heat violated his rights under the Eighth Amendment. Id.

The plaintiff alleges that throughout his stay in the restrictive housing unit, he repeatedly complained to the staff working there, including defendants Weycker, Friedel, Poetter and VanLanen. Id. He alleges that they all violated his Eighth Amendment rights when they failed to have him transferred out of cell 307. Id. at 7.

C.    Analysis

1.    *Conditions of Confinement*

To establish a constitutional violation with respect to prison living conditions, an inmate must be able to demonstrate both: (1) the conditions were so adverse that they deprived him "of the minimal civilized measure of life's necessities" (the claim's objective prong) and (2) the defendant acted with deliberate indifference with respect to the conditions (the claim's subjective prong). Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008) (quoting Farmer v. Brennan, 511 U.S. 832, 834 (1994)). The necessities of life include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." Gray v. Hardy, 826 F.3d 1000, 1005 (7th Cir. 2016) (quoting Lewis v.

6

Lane, 816 F.2d 1165, 1171 (7th Cir. 1987)). Although "extreme deprivations are required," Delaney v. DeTella, 256 F.3d 679, 683 (7th Cir. 2001), and "routine discomfort[s]" are not sufficient to state a conditions-of-confinement claim, Hudson v. McMillian, 503 U.S. 1, 9 (1992), "[s]ome conditions . . . may establish an Eighth Amendment violation in combination when each alone would not do so," and other conditions that may not be sufficiently serious for a short period of time, "can become an Eighth Amendment violation . . . if endured over a significant time." Gray, 826 F.3d at 1005 (citations omitted). "Deliberate indifference . . . means that the official knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it." Townsend, 522 F.3d at 773. Establishing that an official acted negligently is not enough to state a conditions-of-confinement claim. "Instead, the inmate must show that the official received information from which the inference could be drawn that a substantial risk existed, and that the official actually drew the inference." Id.

The plaintiff may proceed on an Eighth Amendment claim against defendants Weycker, Friedel, Poetter, VanLanen and Wickman based on allegations that he repeatedly complained to them about the extreme heat and unsanitary conditions in cell 307 and they didn't do anything. The plaintiff also may proceed on a claim against defendants Koeller, Cole and Does for allegedly deciding to place him in cell 307 even though they knew of the extreme heat and unsanitary conditions.

The court will not allow the plaintiff to proceed on a claim against defendant Cole based on allegations that he did not allow the plaintiff to bring his medication with him when he moved to cell 307 and told the plaintiff that his medication would be sent to the restrictive housing unit later that day. The court cannot reasonably infer that it was Cole's responsibility to transport the medication or that he had any role in the plaintiff's failure to receive his medication for the initial days the plaintiff was in cell 307.

    2.    *Retaliation*

The plaintiff alleges that the defendants' actions were part of a concerted effort to punish him for his prior complaints against restrictive housing unit and supervisory staff. To plead a retaliation claim, the plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." Perez v. Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015) (quoting Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009)).

The plaintiff's allegations of retaliation against Cole, Friedel, Koeller, Poetter, VanLanen, Weycker and the Does are conclusory at best. He states that "[u]pon information and belief," whatever the defendants did or did not do in relation to his stay in cell 307, they were acting (or not acting) for the purpose of punishing him for exercising his First Amendment rights. "Information and belief" are not enough. The plaintiff has not alleged sufficient

facts for the court to allow him to proceed on a claim that these defendants placed him in cell 307 and failed to transfer him from the cell in retaliation for his First Amendment-protected activity.

However, construed liberally, the plaintiff has alleged sufficient facts to allow him to proceed on a clam that when defendant Wickman visited him in cell 307, Wickman failed to move the plaintiff from the cell in retaliation for complaints the plaintiff had made against Wickman. The plaintiff may proceed on a retaliation claim against Wickman based on these allegations.

        3.    *Summary*

The plaintiff may proceed on (1) an Eighth Amendment claim against defendants Weycker, Friedel, Poetter, VanLanen and Wickman in their individual capacities based on allegations that he complained to them about the extreme heat and unsanitary conditions in cell 307 and they didn't do anything; (2) an Eighth Amendment claim against defendants Koeller, Cole and Does in their individual capacities based on allegations that they placed him in cell 307 when they knew of the extreme heat and unsanitary conditions; and (3) a retaliation claim against Wickman in his individual capacity for allegedly failing to move the plaintiff from 307 in retaliation for complaints the plaintiff made against him.

After the named defendants respond to the complaint, the plaintiff will need to use discovery to identify the Does defendants.

## III.   Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Charles Cole, Gregory Friedel, Raymond Koeller, Sgt. Poetter, Jay VanLanen, Drew Weycker and Andrew Wickman. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within 60 days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$347.08** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Warden at Fox Lake Correctional Institution.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

11

advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin, this 23rd day of September, 2021.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge

12