UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA HOWARD

    Plaintiff,

v.                                                              Case No. 21-cv-933-pp

LT. MICHAEL COLE, *et al.*,

    Defendants.

**ORDER SETTING DEADLINE FOR PLAINTIFF TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DISMISSING DOE DEFENDANTS**

Joshua Howard, who is representing himself, filed a complaint under 42 U.S.C. §1983. On September 5, 2023, the defendants filed a motion for summary judgment. Dkt. No. 25. Under Civil Local Rule 56(b)(2) (E.D. Wis.), the plaintiff's response materials are due within thirty days of service of the motion—**by October 5, 2023**. This means that he must file those materials in time for the court to *receive* them by October 5, 2023.

The plaintiff must respond to each of the defendants' proposed findings of fact (Dkt. No. 27), either by agreeing with the proposed fact or explaining why he disagrees with the proposed fact. If the plaintiff does not either agree or disagree with a proposed fact, the court will assume that he agrees with that proposed fact. The plaintiff must support every disagreement with a proposed fact by citing to evidence. He can do that by relying on documents that he attaches to his response or by telling the court his version of what happened in

an affidavit or an unsworn declaration under 28 U.S.C. § 1746.[1] An unsworn declaration is a way for a party to tell his side of the story while declaring to the court that everything in the declaration is true and correct. The plaintiff also must respond to the legal arguments in the defendants' brief (Dkt. No. 26) by explaining why he disagrees with those arguments.

If the court has not received the plaintiff's written response in opposition to the defendants' summary judgment motion by October 5, 2023, the court has the authority to treat the defendants' motion as unopposed, accept all facts asserted by the defendants as undisputed and decide the motion based only on the arguments in the defendants' brief, without any input from the plaintiff. That means that the court likely will grant the defendants' motion and dismiss the case. If a plaintiff has a history of failing to file documents by deadlines the court has set, or failing to comply with court orders, the court also has the authority to dismiss the case as a sanction for plaintiff's failure to timely file a response in opposition to the motion for summary judgment.

The plaintiff has sued Doe defendants and the court allowed the plaintiff to proceed on an Eighth Amendment against Doe defendants. Dkt. No. 6 at 7. On November 28, 2022, the court set a deadline of February 28, 2023 to identify the Doe defendants. Dkt. No. 11 at 2. The plaintiff has not identified the Doe defendants and the court will therefore dismiss them.

---

[1] At the bottom of his declaration the plaintiff should state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. § 1746(2).

The court **ORDERS** that if, by the end of the day on **October 5, 2023**, the court has not received either the plaintiff's response to the defendants' motion for summary judgment or an explanation for why he cannot timely file a response, the court will treat the defendants' motion as unopposed, that is, without considering a response from the plaintiff.

The court **ORDERS** that the Doe defendants are **DISMISSED**.

Dated in Milwaukee, Wisconsin this 6th day of September, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**